IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 2:20-CV-1167-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| L. DEMERY, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's complaint. ECF No. 1. The Court grants leave to amend.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner. See ECF No. 1 at 1, 3. He sues a single defendant: L. Demery, a correctional officer at Solano State Prison (SSP). Id. at 1–2.

Around the end of October 2019, SSP officials called Plaintiff to the mail room to pick up a "quarterly package." Id. at 3. When he arrived, Demery allegedly began "bombarding" Plaintiff with questions about the texture of his hair and ridiculing him about a lack of visitors. Id. Demery then asked if Plaintiff's package had "trick or treats" in it and cut it open. Id. Plaintiff tried to sign for his package, but Demery kept repeating her earlier questions. Id. Plaintiff finally asked Demery how her questions were relevant. Id. Demery became angry and ordered Plaintiff out of the mail room. Id. Plaintiff left without his package. See id. Demery gave the package to another inmate to take it away. Id. Plaintiff contends that Demery "confiscated" his package, never gave

him reasons for doing so, and never provided any pre-deprivation or post-deprivation remedy for the confiscation of his package. Id.

The next day, SSP officials again hailed Plaintiff to the mail room. Id. at 4. Demery approached Plaintiff and demanded to know why he was there. Id. When Plaintiff replied that he had been called, Demery stated that Plaintiff was not supposed to be called because she had personally "red-tagged" his package. Id. Demery was angry that Plaintiff did not answer her questions the day before. Id. Demery again ordered Plaintiff to leave, which he did. Id.

After Plaintiff left, he sought out correctional officers for help. Id. Plaintiff explained Demery's alleged misconduct, and the officers agreed that Plaintiff had a right to challenge Demery's actions via the prison grievance system and litigation. Id. Plaintiff contends that Demery refused to give Plaintiff his package out of "cruelty" and that he was helpless to retrieve his "deprived" property. Id.

Plaintiff completed his complaint on the standard civil rights complaint form available to prisoners. See generally id. at 1–6. In the space provided to state what rights he believes have been violated, Plaintiff lists the First, Fourth, Eight, and Fourteenth Amendments as constitutional rights that he believes Demery violated. Id. at 3–4. He asserts both due process and equal protection violations under the Fourteenth Amendment. Id.

### III. DISCUSSION

Plaintiff cites several constitutional amendments in his complaint. ECF No. at 3–4. But he really only challenges the taking of his property. Id. He specifically notes that Demery (nor anyone else) never provided him with pre- or post-deprivation process. Id. at 3. The Court thus construes Plaintiff's complaint as attempting to state a due process claim under the Fourteenth Amendment.[1] If Plaintiff believes that Demery's alleged actions violated the other constitutional amendments that he cites and wishes to assert other claims (e.g., a First Amendment retaliation claim), Plaintiff may assert those claims—with facts supporting them—if he amends his complaint.

---

[1] Plaintiff, in his prayer for relief, does make a bare allegation that Demery "discriminated against [him]" and acted out of spite and retaliation. ECF No. 10 at 6. But the core focus of Plaintiff's complaint is the confiscation of his package. See id. at 3–4. Thus, given the context and subject (i.e., the package) of Plaintiff's claims, as well as his statements that he was never afforded pre- or post-deprivation process, the Court's interpretation of Plaintiff's complaint is unchanged at this stage. As indicated, Plaintiff may assert the claims he believes he has when he amends his complaint.

3

1 | As discussed below, however, Plaintiff has not established a threshold due process claims regarding prison grievance procedures or the alleged theft of his property. The Court thus forgoes any lengthy Fourteenth Amendment analysis.

The Fourteenth Amendment's Due Process Clause protects against deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. State action violates the Fourteenth Amendment if it deprives a person "of a constitutionally protected liberty or property interest" without affording satisfactory procedural protections. E.g., McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). At base, the Due Process Clause encompasses a promise of fair procedure. See, e.g., Zinermon v. Burch, 494 U.S. 113, 125 (1990).

In the context of procedural due process claims, it is not a deprivation itself that is unlawful. Id. Rather, as implied above, what becomes unconstitutional is deprivation of a liberty or property interest with sufficient due process. Id.; see S.B. by and through Kristina B. v. Cal. Dep't of Educ., 327 F. Supp. 3d 1218, 1247 (E.D. Cal. 2018). The violation actionable under § 1983 is thus not complete at the time of a deprivation, but when the State fails to provide due process. Zinermon, 494 U.S. at 126. Thus, in order to establish a procedural due process claim, plaintiffs must show (1) a protected liberty or property interest (2) that the government deprived (3) without adequate "process." E.g., Hotop v. City of San Jose, 982 F.3d 710, 718 (9th Cir. 2020); Shanks v. Dressel, 540 F.3d 1082, 1090 (9th Cir. 2008); Brewster v. Board of Educ., 149 F.3d 971, 983 (9th Cir. 1998). Once the Court determines that a protected interest has been deprived, the question becomes what procedures satisfy "due process of law." See, e.g., Lavan v. City of Los Angeles, 693 F.3d 1022, 1031 (9th Cir. 2012); Brewster, 149 F.3d at 983; see also Cleveland Bd. of Educ v. Loudermill, 470 U.S. 532, 541 (1985); Barry v. Yosemite Cmty. Coll. Dist., No. 1:16–cv–00411–LJO–MJS, 2017 WL 896307, at *4 (E.D. Cal. Mar. 7, 2017).

Property is facially a protected interest under the Due Process Clause. U.S. Const. amend. XIV, § 1. Deprivation of a property interest without due process of law is actionable under § 1983. See Zinermon, 494 U.S. at 126; Brewster, 149 F.3d at 983; S.B., 327 F. Supp. at 1247.

/ / /

/ / /

There is, however, no cognizable § 1983 claim for deprivation of a property interest if the state provides an adequate post-deprivation remedy. See, e.g., Zinermon, 494 U.S. at 129–32; Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). California law, through the Government Claims Act, provides an adequate post-deprivation remedy for property deprivations. E.g., Barnett, 31 F.3d at 816–17; see also Nible v. Fink, 828 F. App'x 463, 464 (9th Cir. 2020); Maraglino v. Espinosa, 796 F. App'x 451, 451 (9th Cir. 2020); Burton v. Burton, No. 2:20-cv-02395-JDP (PC), 2021 WL 352148, at *1 (E.D. Cal. Feb. 2, 2021); Holt v. Alvarado, No. 1:19-cv-00930-NONE-GSA-PC, 2020 WL 4922378, at *7 (E.D. Cal. Aug. 21, 2020).

California offers Plaintiff an adequate post-deprivation remedy for the alleged taking of his property like his quarterly package. See Barnett, 31 F.3d at 816–17; Nible, 828 F. App'x at 464. His due process claim cannot proceed as currently pled.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each

5

named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated: October 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE