IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>         Plaintiff,<br><br>   v.<br><br>L. DEMERY,<br><br>         Defendant. | No.  2:20-CV-1167-DMC-P<br><br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 19.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, a state prisoner, brings this action against L. Demery, a correctional officer at Solano State Prison ("SSP").  See ECF No. 19 at 1-3.  On October 31, 2019, Plaintiff went to the mail room to receive a package that was delivered for him when Demery questioned him about his hair and made demeaning comments about whether he received visitors because of how he looks in his identification picture.  Id.  Demery then ordered another inmate to open Plaintiff's package, which the inmate did.  Id.  After Plaintiff signed for the package, Demery asked him, "do you have any 'trick or treats' for me?"  Id.  Plaintiff responded, "what does [sic] all these questions have to do with me receiving my package?"  Id.  Demery ordered Plaintiff to "get out of here, and put that shit back."  Id.  Demery also told the inmate who opened the package to "get that shit out of my face."  Id.  Plaintiff left without his package.  See id.  Plaintiff alleges that no other inmates in the mail room were subject to Demery's questions or had issues receiving their packages.  Id.

On November 1, 2019, Plaintiff was again summoned to the mail room.  Id. at 4.  Demery informed Plaintiff that due to his refusal to answer her questions the previous day, she had "red tagged" his package.  Id.  Demery then ordered Plaintiff to leave without his package again and stated that "she would think about returning [P]laintiff's property in the future."  Id.  After this, Plaintiff filed a grievance against Demery.  Id.  Plaintiff alleged in the grievance that no remedies were offered for the confiscation of his package.  Id.

Plaintiff claims that Demery engaged in retaliation by withholding his package because he refused to answer her questions.  Id. at 3-4.  Plaintiff also claims that this deprivation of property amounts to a violation of his due process rights.  Id.

## II.  DISCUSSION

Plaintiff alleges two claims: first, that Demery retaliated against him in violation of the First Amendment rights, and second, that the taking of his property was a violation of his Fourteenth Amendment due process rights.  See ECF No. 19 at 3-4.  The Court finds Plaintiff has stated a cognizable retaliation claim.  For the reasons outlined below, the Court finds that Plaintiff has not established a threshold due process claim regarding prison grievance procedures or the alleged theft of his property.

The Fourteenth Amendment's Due Process Clause protects against deprivation of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1.  State action violates the Fourteenth Amendment if it deprives a person "of a constitutionally protected liberty or property interest" without affording satisfactory procedural protections.  E.g., McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).  The Due Process Clause encompasses a promise of fair procedure.  See, e.g., Zinermon v. Burch, 494 U.S. 113, 125 (1990).

In the context of procedural due process claims, it is not the deprivation itself that is unlawful.  Id.  Rather, what becomes unconstitutional is deprivation of a liberty or property interest without sufficient due process.  Id.; see S.B. by and through Kristina B. v. Cal. Dep't of Educ., 327 F. Supp. 3d 1218, 1247 (E.D. Cal. 2018).  A violation actionable under § 1983 is thus not complete at the time of a deprivation, but when the State fails to provide due process.  Zinermon, 494 U.S. at 126.  Thus, in order to establish a procedural due process claim, a plaintiff must show (1) a protected liberty or property interest (2) that the government deprived (3) without adequate "process."  E.g., Hotop v. City of San Jose, 982 F.3d 710, 718 (9th Cir. 2020); Shanks v. Dressel, 540 F.3d 1082, 1090 (9th Cir. 2008); Brewster v. Bd. of Educ., 149 F.3d 971, 983 (9th Cir. 1998).  Once the Court determines that a protected interest has been deprived, the question becomes what procedures satisfy "due process of law."  See, e.g., Lavan v. City of Los Angeles, 693 F.3d 1022, 1031 (9th Cir. 2012); Brewster, 149 F.3d at 983; see also Cleveland Bd. of Educ v. Loudermill, 470 U.S. 532, 541 (1985); Barry v. Yosemite Cmty. Coll. Dist., No. 1:16–cv–00411– LJO–MJS, 2017 WL 896307, at *4 (E.D. Cal. Mar. 7, 2017).  Property is facially a protected interest under the Due Process Clause. U.S. Const. amend. XIV, § 1.  Deprivation of a

property interest without due process of law is actionable under § 1983. See Zinermon, 494 U.S. at 126; Brewster, 149 F.3d at 983; S.B., 327 F. Supp. at 1247.

There is, however, no cognizable § 1983 claim for deprivation of a property interest if the state provides an adequate post-deprivation remedy. See, e.g., Zinermon, 494 U.S. at 129-32; Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). California law, through the Government Claims Act, provides an adequate post deprivation remedy for property deprivations. E.g., Barnett, 31 F.3d at 816-17; see also Nible v. Fink, 828 F. App'x 463, 464 (9th Cir. 2020); Maraglino v. Espinosa, 796 F. App'x 451, 451 (9th Cir. 2020); Burton v. Burton, No. 2:20-cv-02395-JDP (PC), 2021 WL 352148, at *1 (E.D. Cal. Feb. 2, 2021); Holt v. Alvarado, No. 1:19-cv-00930-NONE-GSA-PC, 2020 WL 4922378, at *7 (E.D. Cal. Aug. 21, 2020).

California offers Plaintiff an adequate post-deprivation remedy for the taking of his property. See Barnett, 31 F.3d at 816-17; Nible, 828 F. App'x at 464. Therefore, because Plaintiff has an adequate post-deprivation remedy through the Government Claims Act, his due process claim cannot proceed as currently pled.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claim identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend and
2. Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: February 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE