IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. DEMERY,<br><br>　　　　Defendant. | No. 2:20-CV-1167-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 19.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On February 16, 2022, the Court issued an order addressing the sufficiency of Plaintiff's first amended complaint. See ECF No. 23. In that order, the Court summarized Plaintiff's claims as follows:

> Plaintiff, a state prisoner, brings this action against L. Demery, a correctional officer at Solano State Prison ("SSP"). See ECF No. 19 at 1-3. On October 31, 2019, Plaintiff went to the mail room to receive a package that was delivered for him when Demery questioned him about his hair and made demeaning comments about whether he received visitors because of how he looks in his identification picture. Id. Demery then ordered another inmate to open Plaintiff's package, which the inmate did. Id. After Plaintiff signed for the package, Demery asked him, "do you have any 'trick or treats' for me?" Id. Plaintiff responded, "what does [sic] all these questions have to do with me receiving my package?" Id. Demery ordered Plaintiff to "get out of here, and put that shit back." Id. Demery also told the inmate who opened the package to "get that shit out of my face." Id. Plaintiff left without his package. See id. Plaintiff alleges that no other inmates in the mail room were subject to Demery's questions or had issues receiving their packages. Id.
> On November 1, 2019, Plaintiff was again summoned to the mail room. Id. at 4. Demery informed Plaintiff that due to his refusal to answer her questions the previous day, she had "red tagged" his package. Id. Demery then ordered Plaintiff to leave without his package again and stated that "she would think about returning [P]laintiff's property in the future." Id. After this, Plaintiff filed a grievance against Demery. Id. Plaintiff alleged in the grievance that no remedies were offered for the confiscation of his package. Id.
> Plaintiff claims that Demery engaged in retaliation by withholding his package because he refused to answer her questions. Id. at 3-4. Plaintiff also claims that this deprivation of property amounts to a violation of his due process rights. Id.

ECF No. 23, pg. 2.

The Court found that Plaintiff stated a cognizable retaliation claim, but that his due process claim related to the loss of property was not cognizable because an adequate post-deprivation remedy existed. See id. at 3. The Court offered Plaintiff leave to amend as to the due process claim and informed Plaintiff that, if he did not file a second amended complaint within the time allowed therefor, the Court would recommend dismissal of the due process claim and

issue an order directing service of the first amended complaint as to the retaliation claim. See id. at 4-5. The Court gave Plaintiff 30 days from the date of the February 16, 2022, order to file a second amended complaint. See id. at 5. To date, Plaintiff has not filed a second amended complaint and the Court now recommends dismissal of Plaintiff's due process claim and, by separate order, will direct service of the first amended complaint as to the retaliation claim.

Based on the foregoing, the undersigned recommends that:

1. This action proceed on Plaintiff's first amended complaint, ECF No. 19, as against Defendant Demery on Plaintiff's retaliation claim only; and

2. Plaintiff's due process claim be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE